34 A.3d 1231

IN THE MATTER OF JOSÉ A. IZQUIERDO, II, AN ATTORNEY AT LAW (ATTORNEY NO. 027632002).

January 12, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–056, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **JOSÉ A. IZQUIERDO, II,** of **WEST NEW YORK,** who was admitted to the bar of this State in 2002, and who has been suspended from the practice of law since September 2, 2008, should be suspended from practice for a period of three years based on respondent's plea of guilty in the United States District Court for the District of New Jersey to a one-count information charging him with knowingly and willfully making materially false, fictitious and fraudulent statements and representations to agents of the Federal Bureau of Investigation, in violation of 18 *U.S.C.* § 1002, conduct that violates *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and *RPC* 8.4(d) (criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer);

And **JOSÉ A. IZQUIERDO, II,** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And this Court finding that respondent admitted in the federal proceedings that he provided a local zoning official with multiple cash payments or things of value in exchange for official favors and referrals as set forth in the Probation Report provided to this Court by counsel following oral argument in this matter;

And the Court finding that these acts constitute public corruption that undermines confidence in the integrity of governmental affairs;

And the Court having determined from its review of this matter that, although respondent was not charged criminally with bribery, respondent's plea of guilty to knowingly and willfully making

materially false, fictitious and fraudulent statements and represen-
tations to the FBI must be assessed in light of his underlying
conduct that was the subject of the false statements, namely that
respondent, in fact, made a number of payments of money or
things of value to an undisclosed co-conspirator public official;

And the Court finding that respondent's admission equates to
bribery and therefore must be considered when assessing the
quantum of discipline appropriate for respondent's course of con-
duct, as this Court concluded was appropriate when agreeing with
the findings and conclusions of the Disciplinary Review Board and
issuing an order of disbarment in *In re Meiterman*, 202 *N.J.* 31,
993 *A.2d* 1227 (2010), in which the DRB said the following about
the significance of bribery as conduct warranting disbarment:

> It is well-settled that the existence of a criminal conviction is conclusive evidence
> of a respondent's guilt. As indicated in our decision in this matter, bribery of a
> public official is a criminal offense that generally requires disbarment.

> That respondent neither pleaded guilty to nor was convicted of bribing a public
> official is not essential to a finding that he committed those crimes. The scope of
> disciplinary review is not restricted, even though the attorney was neither charged
> with nor convicted of a crime. In *In re McEnroe*, 172 *N.J.* 324 [798 *A.2d* 1249]
> (2002), we declined to find a violation of *RPC* 8.4(b) because the attorney had not
> been charged with the commission of a criminal offense. The Court reinstated the
> *RPC* 8.4(b) charge (commission of a criminal act that reflects adversely on the
> lawyer's honesty, trustworthiness [or] fitness as a lawyer in other respects) and
> found the attorney guilty of violating that rule).

> [*In the Matter of Bernard Meiterman*, DRB 09–160 (Supplemental Decision April
> 22, 2010) (slip op. at 7–9) (citations omitted) ];

And this Court noting further that respondent received substan-
tial benefit for his cooperation when he was sentenced on the
federal charge to which he pled, and finding it necessary, never-
theless, to take into account the seriousness of respondent's
underlying conduct that involved acts of bribery of a public official,
which reflects dishonest and untrustworthy unethical conduct in
violation of *RPC* 8.4(c), which was not fully taken into account
when the DRB recommended a period of suspension as the
appropriate discipline for respondent's conduct;

And the Court having determined from its review of the matter that disbarment is required for respondent's unethical conduct for which he derived personal benefit;

And good cause appearing;

It is ORDERED that **JOSÉ A. IZQUIERDO, II,** is disbarred, effective immediately, and that his name be stricken from the roll of attorneys;  and it is further

ORDERED that **JOSÉ A. IZQUIERDO, II,** be and hereby is permanently restrained and enjoined from practicing law;  and it is further

ORDERED that **JOSÉ A. IZQUIERDO, II,** comply with *Rule* 1:20–20 governing disbarred attorneys;  and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State;  and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.