> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3502-15T4

SCOTT C. FREEMAN, d/b/a
FREEMAN RENOVATION SERVICES,

    Plaintiff-Respondent,

v.

ST. CLAIR KITCHEN & HOME,
L.L.C. and DANIEL WOLTAG,

    Defendants-Appellants,

and

HENRY WOLTAG,

    Defendant.

_____

Submitted March 9, 2017 — Decided May 15, 2017

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-419-15.

Skolnick Legal Group, P.C., attorneys for appellants (Martin P. Skolnick, of counsel; Mr. Skolnick and John E. Icklan, on the briefs).

Arthur G. Nevins, Jr., attorney for respondent.

PER CURIAM

Defendants, St. Clair Kitchen & Home, L.L.C. (St. Clair) and Daniel Woltag,[1] appeal from the February 19, and April 1, 2016 orders denying their motion to vacate default judgments against them and denying reconsideration of the motion.[2] For the reasons that follow, we reverse.

Plaintiff Scott C. Freeman filed a complaint against defendants in January 2015, asserting they violated an agreement for renovation services. After retaining counsel, plaintiff filed an amended complaint in April 2015. The amended complaint alleged defendant St. Clair owed plaintiff $9305 for labor and services pursuant to their agreement, and claimed Mr. Woltag, who owned the building being renovated, was unjustly enriched and was liable for this amount as well. Defendants filed an answer and counterclaim on July 6, 2015.

At a September 9, 2015 hearing, the judge set a trial date of October 19, 2015. Only defendants' counsel, not defendants,

---

[1] In its brief, plaintiff indicates Daniel Woltag is not a party to this appeal; however, his name appears on the Notice of Appeal, and defendants' brief includes Mr. Woltag as an appellant. Therefore, we have included Mr. Woltag in this opinion.

[2] Plaintiff initially included Henry Woltag as a defendant; however, the case was dismissed as to Henry Woltag, as he is deceased.

was present at that hearing. On September 18, 2015, a second judge issued an order disqualifying defendants' counsel.[3]

Defendants' counsel informed Ms. J. Antoinette Hughes Frasier, principal for St. Clair, of the October 19, 2015 trial date and informed her defendant would need a new attorney. Counsel also advised Mr. Woltag about his disqualification and the new trial date via email on October 1, 2015. In the email, counsel noted, "I have not received any official notification as to a new date. I have attached the case detail from the court's website and it indicates the case has been 'disposed.' I don't know why it says this."

Ms. Frasier went to the courthouse on October 14, 2015, to confirm the trial date. A court representative told Ms. Frasier there was no information about the case, and the order to withdraw counsel had not been entered. Mr. Woltag called the courthouse on October 16, 2015, and a representative told him there was no trial date scheduled. The representative suggested calling the judge's chambers, but disqualified counsel told defendants not to do so. Neither Ms. Frasier nor Mr. Woltag appeared on October 19, 2015.

---

[3] Plaintiff moved for counsel's disqualification based on Rule 3.7 of the Rules of Professional Conduct, as he had helped negotiate the agreement and may have been needed as a witness.

Plaintiff's counsel appeared on October 19, 2015, before the first judge who previously conducted the September 9 hearing. Plaintiff's counsel told the court,

> The defendants have never appeared by notice . . . of appearance by new counsel, and in spite of the number of contacts from my office as a reminder and in spite of the order signed . . . on September 18th, disqualifying [defendants' attorney] as counsel . . . . So he definitely knew it was on.

However, defendants submitted certifications attesting plaintiff only attempted to contact them one time about the hearing by leaving a phone message reminding defendants to find new counsel.

Plaintiff moved for entry of default against defendants and dismissal of defendants' counterclaims. The matter appeared on the judge's schedule but not on the court's schedule. Before entering default against defendants, the judge stated the following:

> I will point out to you, though, that in our computer system the case is not listed for trial for today. And I think it could be because of the motions that were pending. So my concern is that at some point there's going to be a motion filed to vacate whatever judgment gets entered today on the basis that for all we know they contacted the court and somebody at the court said, [n]o, we don't have anything scheduled for this. So just be aware of that possibility.

The judge granted default based on defendants' failure to appear and held the proof hearing on plaintiff's damages. The judge then entered judgment for plaintiffs for $14,527 and dismissed defendants' counterclaims.

On October 21, 2015, the judge who issued the September 18, 2015 order entered a consent order, disqualifying defendants' original counsel and requiring defendants to retain new counsel by October 19, 2015, which had already passed.

On October 29, 2015, Ms. Frasier wrote to the judge who entered the judgment against defendants requesting the default be vacated. On November 10, 2015, Ms. Frasier filed a motion to vacate the judgment, which the court denied on December 4, 2015, due to Ms. Frasier's lack of standing. Defendants finally retained new counsel, and moved to vacate the default judgment, pursuant to R. 4:50-1. Plaintiff opposed the motion. On February 19, 2016, the second judge denied the motion to vacate without oral argument and without any written findings.

After receiving the transcript from the October 19, 2015, hearing, defendants moved for reconsideration on February 25, 2015. The second judge denied the motion on April 1, 2016, without oral argument or any written findings. This appeal followed.

We review denial of a motion to vacate a judgment under Rule 4:50-1 using an abuse of discretion standard. Hous. Auth. of

5

Morristown v. Little, 135 N.J. 274, 283 (1994). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Iliadis v. Wal-Mart Stores, Inc. 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

First, we note defendants' appeal is properly before this court. Defendants' motion to vacate the judgment pursuant to Rule 4:50-1 was timely filed within one year from the entry of judgment, per Rule 4:50-2. Further, the motion for reconsideration was filed within twenty days of the denial of the motion to vacate, and thus, was also timely. See R. 4:49-2. Plaintiff's arguments to the contrary lack sufficient merit to warrant discussion. See R. 2:11-3(e)(1)(E).

Next, defendants argue the trial court abused its discretion by denying their motion to vacate the default judgment. We agree and reverse.

Under Rule 4:50-1(a), a judgment may be vacated due to "mistake, inadvertence, surprise, or excusable neglect." Defendants seeking to vacate default judgments under Rule 4:50-1(a) have to demonstrate their failure to answer the claim amounted to excusable neglect, and the defendant must show he or she has a meritorious defense. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J.

449, 468 (2012) (finding no excusable neglect where defendants were fully informed of ongoing court proceedings but failed to appear for over a year); Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div.) (accepting the corporate defendant's belief that an insurance company would handle a lawsuit as excusable neglect), aff'd, 53 N.J. 508 (1964). "Carelessness may be excusable when attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Mancini v. Eds ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 333 (1993) (citing Baumann v. Marinaro, 95 N.J. 380, 394 (1984)).

Here, the trial court abused its discretion by omitting defendants' reasons for failing to appear from consideration. Defendants presented compelling evidence of excusable neglect. The first judge specifically noted the trial was not on the court calendar; the judge also noted it was likely defendants called the courthouse and a representative told them there was nothing scheduled for that date, which is precisely what defendants assert happened. Additionally, based on advice of their previous counsel, defendants did not call the judge's chambers to inquire about the trial date.

Notwithstanding plaintiff's counsel leaving defendants' former counsel a message, and though the date was scheduled with

all counsel present, it is reasonable defendants, without counsel, would not appear after being told by court representatives the matter was not on the court schedule and had been marked "disposed." Defendants spoke with court representatives and made an effort to determine whether they needed to be present on October 19, 2015. Such an error satisfies the standard of excusable neglect, and the trial court abused its discretion by not considering this issue.

Because we find the trial court abused its discretion under Rule 4:50-1(a), we need not address the catch-all provision of Rule 4:50-1(f).

We reverse and vacate the entry of default judgment and order for reconsideration consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION